UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEIHONG ZHENG,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2513

Honorable Robert J. Jonker

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to provide him with a bond hearing. (Pet., ECF No. 1, PageID.9–10.)

In an order entered on September 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on September 14, 2026, (ECF No. 4), and Petitioner filed his reply on September 22, 2026, (Reply, ECF No. 5).

**II. Relevant Factual Background**

Petitioner is a native and citizen of China. (Notice to Appear (NTA), ECF No. 4-1, PageID.27.) Petitioner entered the United States on October 9, 2019. (*Id.*) Upon entry into the United States, Department of Homeland Security (DHS) agents arrested Petitioner and placed him in expedited removal proceedings. (2019 Form I-213, ECF No. 4-2; Notice and Order of Expedited Removal, ECF No. 4-3, PageID.37.) In January 2020, an Immigration Judge vacated DHS's no credible fear determination and concluded that Petitioner had a credible fear of persecution. (Jan. 2020 Order Immigration Judge, ECF No. 4-5.) Thereafter, on February 3, 2020, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), which placed Petitioner in standard, non-expedited removal proceedings under § 240 of the INA. (NTA, ECF No. 4-1.) In April 2020, Petitioner filed an asylum application. (*See* Pet., ECF No. 1, PageID.7.) On June 9, 2020, an Immigration Judge ordered that Petitioner be released on a $20,000 bond. (June 2020 Order Immigration Judge, ECF No. 4-7.)

On August 27, 2025, ICE took Petitioner into custody and cancelled Petitioner's prior bond. (2025 Form I-213, ECF No. 4-8, PageID.69; Notice – Immigration Bond Cancelled, ECF No. 4-7, PageID.65.)

On February 12, 2026, an Immigration Judge granted Petitioner's asylum application. (2026 Order Immigration Judge, ECF No. 4-10.) DHS then appealed the Immigration Judge's order granting Petitioner asylum to the Board of Immigration Affairs (BIA), and the appeal remains pending. (Filing Receipt for Appeal, ECF No. 4-11, PageID.80.) Because DHS's appeal to the BIA remains pending, the Immigration Judge's February 12, 2026, order is not

"administratively final" for purposes of the INA. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A).

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Jurisdiction

Respondents contend that this Court lacks jurisdiction to review Petitioner's claim for habeas relief because Petitioner was previously in expedited removal proceedings. (Resp., ECF No. 4, PageID.21–23.) They claim that, because the previously issued Notice and Order of Expedited Removal charged Petitioner with expedited removal under § 1225(b)(1), this Court's § 2241 habeas inquiry regarding Petitioner's present detention is limited by 8 U.S.C. § 1252(a)(2)(A).[1]

[1] Section 1252(a)(2)(A) of Title 8, titled "[r]eview relating to section 1225(b)(1), provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—
>
> (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A). And, subsection (e) provides:

The Court previously considered this argument in *Vettah v. Raycraft*, No. 1:26-cv-1735, 2026 WL 1945090, at *2 (W.D. Mich. July 6, 2026), and concluded that the Court was not precluded from reviewing the petitioner's habeas claims because the petitioner was not at that time detained under § 1225(b)(1) for expedited removal. Likewise, in this case, Petitioner is not presently detained under § 1225(b)(1) for expedited removal, and Respondents acknowledge that Petitioner is now in full § 1229a removal proceedings pursuant to a Notice to Appear. (*See* NTA, ECF No. 4-1, PageID.27); 8 U.S.C. § 1229a(a)(1) (providing that "removal proceedings under section 1229a of this title" begin with the government issuing a "notice to appear"). Petitioner's § 1229a removal proceedings remain pending because DHS appealed the Immigration Judge's order granting asylum to the BIA, and the appeal remains pending. (*See* Filing Receipt for Appeal, ECF No. 4-11, PageID.80.)

Therefore, for the same reasons set forth in *Vettah v. Raycraft*, the Court concludes that it is not precluded from reviewing Petitioner's habeas claims. *See Vettah*, 2026 WL 1945090, at *2.

---

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

*See* 8 U.S.C. § 1252(e)(2).

## V. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

For the same reasons set forth in *Betancourth-Martell v. Mullin*, No. 1:26-cv-1255, 2026 WL 1532967 (W.D. Mich. June 1, 2026),[2] the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States, which included initially being placed in expedited removal proceedings, but then being transferred to § 1229a removal proceedings and released from custody after an Immigration Judge determined that he had a credible fear of persecution. (*See* Resp., ECF No. 4, PageID.16–20.)

Therefore, based on the facts presented by the parties, and the reasoning of the United States Court of Appeals for the Sixth Circuit in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.[3]

---

[2] See *also, e.g.*, *Vettah v. Raycraft*, No. 1:26-cv-1735, 2026 WL 1945090, at *2–3 (W.D. Mich. July 6, 2026); *Vega-Duno v. Raycraft*, No. 1:26-cv-1570, 2026 WL 1593320, at *1 & n.2 (W.D. Mich. June 4, 2026); *Espinoza Ramirez v. Unknown Party*, No. 1:26-cv-1505, 2026 WL 1551778, at *1 & n.3 (W.D. Mich. June 2, 2026); *Morales Morales v. U.S. Dep't of Homeland Sec.*, No. 1:26-cv-714, 2026 WL 972715, at *2–3 (W.D. Mich. Apr. 10, 2026); *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026).

[3] The Court notes that Respondents previously released Petitioner on bond in June of 2020 under § 1226. On August 27, 2025, ICE took Petitioner into custody and cancelled Petitioner's prior bond. (2025 Form I-213, ECF No. 4-8, PageID.69; Notice – Immigration Bond Cancelled, ECF No. 4-7, PageID.65.) When a noncitizen's prior bond is cancelled, that does not preclude the noncitizen from later seeking a bond redetermination hearing in Immigration Court under § 1226 based on a material change in circumstances. Specifically, when, as is the case for Petitioner, a noncitizen's detention is governed by § 1226 and the noncitizen receives an initial bond determination, the applicable regulation provides that the noncitizen may request and receive a subsequent bond redetermination in the Immigration Court based on a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). Because, as set forth in this opinion, the Court concludes that Petitioner's present detention is governed by § 1226, under this statute and the applicable regulations, Petitioner would be entitled to request, and to receive, a bond redetermination hearing in the Immigration Court based on a material change in circumstances, such as the Immigration Judge granting Petitioner's asylum application. *See id.* However, if Petitioner now requested a bond redetermination hearing § 1226 in Immigration Court based on his change in circumstances, Respondents indicate that they would not provide such a hearing to Petitioner because Respondents

### B. Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos v. Raycraft*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 175 F.4th at 732. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at 734.

Respondents argue that Petitioner is not detained under § 1226(a) and that he is detained under § 1225, and therefore subject to mandatory detention. (Resp., ECF No. 4, PageID. 16–21.) However, as set forth above, the Court concludes that Petitioner's detention is governed by § 1226(a), and the Court concludes that Petitioner's current detention under the mandatory

---

argue that Petitioner is detained under § 1225 and subject to mandatory detention. (Resp., ECF No. 4, PageID.16–21.)

As set forth above, a noncitizen, such as Petitioner, whose detention is governed by § 1226 would be entitled to request a subsequent custody redetermination hearing in Immigration Court. Thus, as set forth herein, because Petitioner's present detention is governed by § 1226, the Court will order Respondents to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a), which will address Petitioner's present circumstances, as is provided for by 8 C.F.R. § 1003.19(e).

detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act if Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[4] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 7, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

[4] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release. (June 2020 Order Immigration Judge, ECF No. 4-7.)